## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Cynthia Sachkowsky, Ray Sachkowsky and the conjugal society formed by both<br><br>    Plaintiffs<br><br>    v.<br><br>Royale Blue Hospitality, LLC D/b/a El Conquistador Resort; Liberty Mutual Insurance Company; X Company, A Insurance Company;<br><br>    Defendants | Civil no.<br><br>Plaintiffs Demand Trial by Jury |

**COMPLAINT**

TO THE HONORABLE COURT:

**Come now** the Plaintiffs, Cynthia Sachkowsky, Ray Sachkowsky and the conjugal society formed by both, through the undersigned attorneys, and before this Honorable Court respectfully allege and pray as follows:

### I. THE PARTIES

1. Plaintiffs, Cynthia Sachkowsky, Ray Sachkowsky are both of legal age, married to each other and are the members of the Sachkowsky conjugal society. They are domiciled in the State of New Jersey.

1

2. Co Defendant, Royale Blue Hospitality, LLC (hereinafter "Royale Blue") is a limited liability company organized under the laws of Puerto Rico with principal offices located in Puerto Rico that conducts business in Puerto Rico under the name of El Conquistador Resort, Fajardo Puerto Rico.

3. By information and/or belief, Royale Blue is the owner of and operator of El Conquistador Hotel, (hereinafter referred to collectively as the "El Conquistador" ) and is the entity responsible for the hotel facilities and premises of the El Conquistador at the time of the accident described in this complaint.

4. By information and/or belief, Liberty Mutual Insurance Company is an insurance company provider duly authorized to conduct the business of insurance in Puerto Rico, with principal offices located in Boston Massachusetts, that at the time of the accident described in this complaint had issued and had in full force and effect, one or more insurance policies to cover the legal liability for accidents due to negligence at El Conquistador Hotel as described in this complaint.

5. By information and/or belief, the insurance policy issued by Liberty Mutual Insurance Company in favor of Royale Blue Hospitality LLC is numbered as follows: DGLPR8673474.

6. "X Company" is the fictitious name used to denominate another company that also owns, operates and manages together with the rest of the defendants El Conquistador Resort, that is also responsible to the plaintiffs for the accident and damages suffered by plaintiffs as described in this complaint.

7. "A insurance company", is the fictitious name used to denominate the currently unknown insurance company that at the time of the accident described in this complaint had issued and had in full force, as per the terms and conditions of the issued insurance policy, a liability insurance policy to cover the legal liability of one or more of the above-named defendants for negligence. Once the identity of said insurance company is made known, the complaint may be amended so as to include the proper insurance company defendant as an additional defendant to this complaint.

## II. JURISDICTION

7. This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to *28 U.S.C. section 1332 (a) (1) b*ecause this is a case or controversy between citizens of different states and the amount in controversy

3

is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

8. Pursuant to 28 U.S.C. Section 1392 (a) (2), venue of this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Puerto Rico.

### III. TOLLING OF THE STATUTE OF LIMITATIONS

9. The accident that gives origin to the present case occurred on March 19th, 2023, at El Conquistador Hotel, and thus, as per the Civil Code of Puerto Rico of 2020, at the time of filling the complaint the statute of limitations of one (1) year has not elapsed. See Articles 1191 (f) and 1204 (a) of the Civil Code of Puerto Rico.

### IV. THE FACTS AND THE DAMAGES

10. Mr. and Mrs. Sachkowsky were guest at El Conquistador Hotel, having travelled to Puerto Rico to attend a social function related to the job of Mr. Sachkowsky.

11. They were both returning to their room in Las Brisas wing, after a social function, walking down outside stairs.

12. Mrs. Sachkowsky due to a broken step, tripped and fell, falling to the lower level of said outdoor staircase

4

injuring various parts of her body as a result of said fall, and landing on her lower back.

13. As a result of her fall she received a very large gash to her pretibial left leg and suffered an injury to her lower back.

14. Security personnel came to assist, she was placed on a wheel chair and taken to a local hospital for emergency treatment.

15. Due to the length and depth of the wound, she required over 20 stitches to close the wound.

16. Upon her return home, she required further medical evaluations and multiple treatments to cure the wound and therapies for her lower back.

17. To this date, plaintiff Mrs. Sachkowsky still suffers from residual pain, mental anguish, discomfort, distress, and embarrassment and lower back pain.  She has permanent damages since she has lost sensation in the area of her lower left leg, she has frequent sharp pains and now, she also has a very large unsightly, permanent scar in the area of her lower left leg and she is having frequent back pain.

18. To this date she no longer is able to carry out certain activities and pleasures of life to the same extent that she was able to enjoy and perform prior to the accident. She is limited in the type of activities and time that she can know

5

perform as a result of her fall.  She is also very conscious of her scar in her leg to the point that she avoids wearing dresses as much as possible.

19. The value of all her damages related to her injuries, to include past, present and future pain, physical damages, permanent damages and impairment, mental anguish and scar is estimated in a sum in excess of **TWO HUNDRED AND SEVENTY FIVE THOUSAND DOLLARS ($275,000.00)**

20. As a result of the accident the Sachkowsky conjugal society incurred and is incurring in additional damages and expenses.  Their vacation and trip to Puerto Rico was ruined. Mrs.  Sachkowsky also has incurred and will have to incur in unwanted expenses, to include medical evaluations, travel and other miscellaneous unwanted expenses related to this accident in a sum estimated in excess of **FIFTEEN THOUSAND DOLLARS ($15,000),** a sum that is also owed to the Sachkowsky conjugal society by the defendants, since they would not have to incurr in said expenses if the accident had not occurred.

21. As a result of the accident, Mr. Sachkowsky also suffered mental anguish damages.  He suffered at seeing his wife bloodied and in pain.

22. He had to assist his wife during her entire recovery period.

6

23. He worries at seeing his wife still complaining of residual and lower back pain and complaining of the large scar that she now has in her lower left leg. This also makes him suffer. His damages for mental anguish are estimated in a sum in excess of **EIGHTY THOUSAND DOLLARS ($80,000)**.

## V. LIABILITY

25. The accident resulting in the serious, severe and permanent damages to Mrs. Sachkowsky was caused by the exclusive fault and negligence of the Defendants and their employees.

26. As Inkeeper's, Defendants' and their employees had a duty towards their hotel guest to include Mrs. Sachkowsky to maintain hotel premises in good repair and working order.

27. The defendants and their employees, in not noticing a broken step and allowing the same to remain without it being replaced, allowed for a dangerous condition to be present that caused the trip and fall suffered by Mrs. Sachkowsky in the outdoor steps.

28. As Inkeeper's, Defendant and its employees, as part of the housekeeping functions, should have noticed the need for repair of the outside stairway step. Yet, they failed to act to correct the same, allowing by said omission and

7

negligence for the trip and fall accident suffered by Mrs. Sachkowsky

29. At all material times, all the defendants, and their employees, had a duty to monitor and maintain the hotel premises to include the outdoor steps were the accident happened in good working order, repair and condition. Yet they were lax and careless and negligently failed to act, to correct and replace the broken step, allowing with said negligence for the accident to happen. The accident could have been avoided if the defendants and their employees maintain the stairway were the accident happened in good working order. Yet, they were lax and failed to act.

30. The accident would not have happened if not for the joint fault and negligence of all the defendants and their employees. As Puerto Rico Innkeepers' and as owners, supervisors, operators and/or administrators, and employees of the El Conquistador hotel, the defendants and their employees are the only entities responsible for their lack of adequate actions to identify, repair and eliminate the dangerous condition that a broken step represented for hotel patrons like Mrs. Sachkowsky. Their lack of action constitutes gross negligence.

31. Pursuant to Puerto Rico law, all defendants are jointly and severally liable for the damages claimed herein as a result of the accident described in this complaint suffered by Mrs. Sachkowsky.

32. As per the laws of the Commonwealth of Puerto Rico, and the Puerto Rico Insurance Code, all insurance company defendants, are directly liable to the plaintiff as per the terms of the insurance policies in effect at the time of the accident for the accident caused by the negligence of the defendants.

33. All defendants and their insurance company, as per Article 1536 and 1538 of the Civil Code of Puerto Rico, are responsible to the plaintiffs for all damages suffered.

34. Plaintiffs also request, as per Article 1538 of the Civil Code of Puerto Rico of 2020, that if a jury determines that the defendants were grossly negligent, that compensation awarded for damages be doubled.

35. Plaintiffs demand trial by jury.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter judgment for plaintiffs, for the relief demanded in the complaint with the imposition of reasonable attorneys' fees and costs.

In San Juan, Puerto Rico, this 14th day of March, 2024.

**RIVERA-ASPINALL, GARRIGA
& FERNANDINI LAW FIRM**
Attorneys for Plaintiffs
1647 Adams Street
Summit Hills
San Juan PR 00920
Telephone: (787) 792-8644
CELL: (787) 360-0094
Email: aspinall@ragflaw.com

**S/Julian Rivera Aspinall**
Julian Rivera-Aspinall
USDC# 208506